**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1518**

FATOUMATTA JALLOW,

          Petitioner,

    v.

DANA JAMES BOENTE, Acting Attorney General,

          Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  January 19, 2017      Decided:  February 8, 2017

Before TRAXLER, DIAZ, and THACKER, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

Ronald D. Richey, LAW OFFICE OF RONALD D. RICHEY, Rockville, Maryland, for Petitioner.  Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Cindy S. Ferrier, Assistant Director, Victoria M. Braga, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fatoumatta Jallow, a native and citizen of The Gambia, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing her appeal from the immigration judge's denial of her asylum application as time-barred. The agency granted Jallow's request for withholding of removal under 8 U.S.C. § 1231(b)(3) (2012).

On appeal, Jallow challenges the agency's determination that she failed to establish extraordinary circumstances to excuse the untimely filing of her asylum application. See 8 U.S.C. § 1158(a)(2)(B), (D) (2012). We lack jurisdiction to review this determination pursuant to 8 U.S.C. § 1158(a)(3) (2012), and conclude that Jallow has failed to properly raise a constitutional claim or question of law that would fall under the exception set forth in 8 U.S.C. § 1252(a)(2)(D) (2012).* See Mulyani v. Holder, 771 F.3d 190, 196-97 (4th Cir. 2014); Gomis v. Holder, 571 F.3d 353, 358-59 (4th Cir. 2009). Given this jurisdictional bar, we cannot review the underlying merits of Jallow's asylum claims.

---

* We lack jurisdiction over Jallow's due process claims on the ground that she failed to raise them on appeal to the Board. See 8 U.S.C. § 1252(d)(1) (2012) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right."); Kporlor v. Holder, 597 F.3d 222, 226 (4th Cir. 2010) ("It is well established that an alien must raise each argument to the [Board] before we have jurisdiction to consider it." (internal quotations omitted)).

Accordingly, we dismiss the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DISMISSED